IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHRISTINA W. BRASCHER, )
 )
      Plaintiff, )
 )
v. ) Civil Action No. 3:10CV256–HEH
 )
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
 )
      Defendant. )

## MEMORANDUM OPINION

This is an action contesting the Social Security Administration ("SSA")'s partial denial of Disability Insurance Benefits ("DIB") payments. It is presently before the Court on the Report and Recommendation of the Magistrate Judge ("R&R") concerning the parties' cross motions for summary judgment. For the reasons stated below, the R&R will be adopted; Plaintiff's motion for summary judgment will be granted; Defendant's motion for summary judgment will be denied; and the decision of the Commissioner will be reversed and remanded for further administrative proceedings.

## I. BACKGROUND

On April 10, 2006, Plaintiff filed for DIB, alleging disability due to sensory neuropathy, cerebral palsy, and hereditary motor-sensory neuropathy ("HMSN") Type II, with an alleged onset date of March 31, 2006. (R. 70–72, 85.) The SSA denied

Plaintiff's claims in the first instance and upon reconsideration.[1] (R. 48, 54.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), at which she testified on February 4, 2008. (R. 15, 24–45.)

In a decision issued on February 12, 2008, the ALJ employed the five-step sequential analysis required by federal regulations,[2] and granted-in-part and denied-in-part Plaintiff's application. (R. 10, 15.) First, the ALJ found that Plaintiff had not engaged in SGA since the alleged onset date of her disability. (R. 17.) At steps two and three, he found that Plaintiff had severe impairments of cerebral palsy, cervical degenerative disc disease status post fusion, HMSN Type II, and seizures, but that these impairments did not meet or equal any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). (R. 17–19.) He further found that Plaintiff had the residual functional capacity ("RFC")[3] to perform sedentary work, except "[s]he is limited to non-concentrated exposure to hazards/heights because of possible seizures." (R. 21.)

---

[1] Agencies of the state government generally make initial disability determinations. *See* 20 C.F.R. pt. 404, subpt. Q. Subsequent proceedings, including hearings before Administrative Law Judges ("ALJs"), are conducted by personnel of the SSA. *See id.*

[2] In order to determine a claimant's eligibility for DIB, an ALJ conducts a five-step sequential evaluation on behalf of the Commissioner. 20 C.F.R. §§ 416.920, 404.1520. Specifically, the ALJ considers whether an applicant (1) is performing substantial gainful activity ("SGA"); (2) has a severe impairment; (3) has an impairment that meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) is capable of performing his or her past relevant work; and (5) is, in light of his or her age, education, experience, and RFC, capable of adjusting to other work that is available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)(4), 404.1520(a)(4). If the analysis at any step directs a finding that the claimant is or is not disabled, the inquiry ends and the ALJ will not proceed to the next step. *Id.*

[3] RFC is "an assessment of an individuals' ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling ("SSR") 96-8p, 1996 SSR LEXIS 5, at *1 (July 2, 1996).

At step four, the ALJ determined that Plaintiff could not perform her past relevant work as a teacher's aide because it exceeded her exertional capabilities. (R. 21.) Finally, at step five the ALJ considered Plaintiff's age, education, work experience, and RFC, and determined that there were a significant number of jobs in the national economy that Plaintiff could have performed prior to January 11, 2008. (R. 22.) As of that date, however, Plaintiff turned 50, and her age category therefore increased to "an individual closely approaching advanced age." (R. 22.) The ALJ determined that once Plaintiff's age category changed, Rule 201.14 of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, directed a finding of "disabled." (R. 22–23.) Accordingly, the ALJ concluded that Plaintiff was entitled to benefits as of January 11, 2008, but not before. (R. 23.)

Plaintiff sought review of the denial of benefits for the time prior to January 11, 2008. (R. 6.) The SSA Appeals Council denied Plaintiff's request for review, and the ALJ's denial of benefits for the period between March 31, 2006 and January 11, 2008 became a final agency decision, subject to judicial review. (R. 1.)

On April 20, 2010, Plaintiff filed suit in this Court seeking review of the Commissioner's decision. Both parties filed motions for summary judgment. In the alternative, Plaintiff sought remand.

In a R&R entered on March 11, 2011, the Magistrate Judge recommended that Plaintiff's motion for summary judgment be granted and Defendant's motion for summary judgment be denied. (R&R 24.) Specifically, the Magistrate Judge found that the ALJ should have consulted a medical advisor, considered the combined effect of

3

Plaintiff's impairments, and "provide[d] an analysis of the supporting evidence for his conclusion" that Plaintiff's impairments did not meet or equal a Listing at step three. (R&R 17–18.)[4] The Magistrate therefore recommended that the decision of the Commissioner be reversed and the case be remanded for further administrative proceedings. (R&R 2, 24.)

Plaintiff objects that the recommended administrative proceedings are unnecessary because the present record supports an outright award of benefits. She asks this Court to remand "solely for the payment of benefits for the period prior to her 50th birthday." (Pl.'s Objections 1.) Defendant has responded. The matter is ripe for decision.

## II. STANDARD OF REVIEW

The Court reviews *de novo* any part of the Magistrate Judge's R&R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). A reviewing court may accept, reject, or modify, in whole or part, the Magistrate Judge's recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3)

When reviewing a denial of benefits by the Commissioner pursuant to 42 U.S.C. § 405(g), the Court must accept the Commissioner's findings of fact if they are supported by substantial evidence and were reached by applying the correct legal standard. *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as

---

[4] The Magistrate Judge also found that the ALJ's credibility determination at step four resulted from the application of incorrect legal standards and was not supported by substantial evidence in the record. (R&R 23.) The parties have not objected to this finding, with which this Court agrees. As the Magistrate Judge noted, however, no credibility analysis will be needed on remand if the ALJ determines that Plaintiff's impairments met or equaled a Listing prior to January 11, 2008. (*See id.*)

4

adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). In other words, substantial evidence requires more than a scintilla, but less than a preponderance of the evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

In determining whether substantial evidence exists, the Court must consider the record as a whole. *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991), *superseded on other grounds*, 20 C.F.R. § 404.1527. The Court may not, however, weigh conflicting evidence, evaluate the credibility of evidence, or substitute its judgment for the Commissioner's findings. *Mastro*, 270 F.3d at 176. In short, if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Johnson*, 434 F.3d at 653.

### III. ANALYSIS

The Magistrate Judge in this case found that "the ALJ's analysis at step three [wa]s insufficient and not supported by substantial evidence." (R&R 9.) Accordingly, the Magistrate Judge recommended that the case be remanded for the ALJ to consult a medical advisor, consider the combined effect of Plaintiff's impairments, and provide an analysis of the evidence supporting his conclusion that Plaintiff's impairments did not meet or equal a Listing. (R&R 17–18.)

Plaintiff contends that the recommended proceedings are unnecessary because "the medical evidence contains little or no evidence to suggest anything except that her conditions do, in fact, meet" a Listing. (Pl.'s Objections 1.) Plaintiff instead asks this Court to award benefits outright.

"A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Secr'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Such award is appropriate "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Id.*

As the court in *Ianni v. Barnhart* explained:

> Where there are gaps in the administrative record or the ALJ has applied an improper legal standard, the proper course is a remand to the Commissioner for further proceedings. Where, however, there is no apparent basis to conclude that a more complete record might support the Commissioner's decision, a remand limited to calculation of benefits is in order.

403 F. Supp. 2d 239, 257 (W.D.N.Y. 2005) (citing *Rosa v. Callahan*, 168 F.3d 72, 82–83 (2d Cir. 1999)) (internal citations omitted).

In this case, the Magistrate Judge found that Plaintiff presented "strong evidence supporting her contention that she satisfies a Listing,"[5] but further noted that the record contained "no evidence . . . that any physician ever opined on the level of severity of Plaintiff's impairments."[6] (R&R 16.) The Magistrate Judge therefore found that further

---

[5] The Magistrate Judge thoroughly recounted the record evidence suggesting that Plaintiff satisfied a Listing prior to January 11, 2008, which was apparently ignored by the ALJ. (*See* R&R 10–16.) While this Court need not recite that evidence again here, it is worth noting that (1) even before her alleged onset date, Plaintiff's physicians advised her to use a cane and instructed her not to operate a motor vehicle because of her instability and proprioceptive difficulties—*i.e.*, she frequently fell down and could not feel her own feet (R. 34, 160, 165); (2) Plaintiff testified that she experienced chronic daily pain in her feet and legs (R. 32); (3) Plaintiff's prescribed pain medications, which required frequent adjustment, made her feel foggy and may have contributed to one of her seizures (R. 174–75); and (4) one physician apparently noted that he did "not anticipate . . . recovery" (R. 162).

[6] Listings 11.07 (cerebral palsy) and 11.14 (peripheral neuropathies), both of which arguably apply to Plaintiff, require that the claimant demonstrate "[d]isorganization of motor function described in 11.04B." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listings 11.07, 11.14. Section

development of the record would be beneficial. (*Id.*) This Court agrees. *Cf. Smith v. Schweiker*, 795 F.2d 343, 348 (4th Cir. 1986) (holding that physician's conclusion that plaintiff satisfied listing 11.04B did not support award of benefits because physician failed to consider severity of the impairment).

This Court is not persuaded otherwise by Plaintiff's contention that "[s]ince the Commissioner has already adjudicated [Plaintiff] as disabled as of January 2008—more than three years ago—it is unlikely that a current examination will shed any light on the severity of her medical condition during the real period at issue; i.e., March[] 2006 to January[] 2008." (Pl.'s Objections 2.) First, Plaintiff's speculative argument ignores the fact that the present record does not establish outright Plaintiff's entitlement to benefits. As explained above, no physician has opined on the record about the severity of Plaintiff's impairment.[7] Second, this Court will not simply assume that Plaintiff's current physical condition lacks probative value as to the severity of Plaintiff's condition from March 2006 to January 2008. Indeed, Plaintiff was found "disabled" because of a change in *age*, not because of any change in medical condition. Plaintiff's second objection will therefore be overruled.

---

11.04B requires "[s]ignificant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station," and further directs the reader to Listing 11.00C. *See id.* at Listing 11.04B. Listing 11.00C provides that "[t]he assessment of impairment depends on the degree of interference with locomotion and/or interference with the use of fingers, hands, and arms." *Id.* at Listing 11.00C.
[7] To the extent that Plaintiff's speculation about a medical *examination* is correct, a medical *advisor* may nevertheless assist in retroactively assessing disability due to progressive medical conditions. *See, e.g., Bailey v. Chatter*, 68 F.3d 75, 79–80 (4th Cir. 1995); Social Security Ruling 83-20, 1983 WL 31249, at *3. The particular form of medical consultation(s) undertaken on remand are within the purview of the agency.

## IV. CONCLUSION

For the reasons stated above, the R&R will be adopted; Plaintiff's motion for summary judgment will be granted; Defendant's motion for summary judgment will be denied; and the case will be remanded for medical consultation concerning the severity of Plaintiff's disorganization of motor function and for more thorough analysis of whether Plaintiff's impairments or combination thereof satisfied a Listing prior to January 11, 2008. Should the ALJ reach step four of the sequential analysis on remand, the ALJ shall conduct a proper credibility analysis.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: April 29, 2011
Richmond, VA